**Vernon L. CREWS, Plaintiff,**

v.

**MEMOREX CORPORATION,
Defendant.**

**Civ. A. No. 83–3750–T.**

United States District Court,
D. Massachusetts.

Feb. 5, 1987.

Norman Jackman, Comras & Jackman, Boston, Mass., for plaintiff.

Sandra L. Lynch, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Two counts remain in this case,[1] in which plaintiff alleges breach of contract and violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 seq. Defendant has filed a renewed motion for summary judgment as to both counts.

### I

Plaintiff Vernon Crews was the Boston field service engineer for defendant Memo-

---

1. An earlier decision, dealing with Count III, breach of implied covenant of good faith, and Count IV, intentional infliction of emotional harm, is reported at 588 F.Supp 27 (D.Mass. 1984).

rex. A substantial portion of Crews' work involved sales support. In the summer of 1981, due to declining sales, Memorex closed the Boston regional sales office and transferred its former responsibilities to the New York regional office. Crews does not contend that Memorex's closing of the Boston sales office was motivated by unlawful age discrimination. Crews Dep. I, 153.

On March 23, 1982, Crews' superiors informed him that they had decided to eliminate his position. Crews does not contend that the decision to eliminate his position was based on age discrimination. Crews Dep. II, 81–84, 67, 126. At that time, Crews was offered the same type of field service engineer position he held in Boston, in either the Atlanta or Chicago office. Crews Dep. II, 92, 105. Crews rejected these offers, and demanded that he be given the job of the New York field service engineer. That position was held by Joe Falzone, a younger man with less seniority at Memorex.

In June 1982, Crews went to Memorex headquarters in Santa Clara, California to discuss other options. Crews was again offered the same position he held in Boston, on the same terms, in either Atlanta, Chicago, or Santa Clara. Crews Dep. II, 124–25. In addition, Human Resources managers at Memorex offered to look into openings with Memorex's parent, Burroughs Corporation, located in Lexington, Massachusetts. Crews discouraged them from exploring these options. Julius Dep. 6.

In early July 1982, Crews accepted the Atlanta job. Crews Dep. II, 133. Before he was to report there in August, however, Crews changed his mind and rejected the offer. Crews Dep. II, 143.

## II

Crews contends that Memorex's failure to give him the New York position breached his employment contract. Crews relies on a provision governing layoffs contained in Memorex's Corporate Human Resources Guide.

The court doubts that the terms of the Guide are a part of Crews' employment contract. Memorex unilaterally adopted the Guide and reserved to itself the right to amend or selectively enforce its provisions. Memorex restricted circulation of the guide to managerial personnel. Nevertheless, for the purpose of this motion, the court assumes that the layoff provisions of the Guide are binding on Memorex.

The provision governing layoff states: *Selection of Employees For Lay–Off Or Placement*—In an Organizational Layoff where all jobs in a department or a location are either discontinued or transferred, all employees in the department or at the location are subject to lay-off. In a Selective lay-off, some but not all jobs in a department or location are discontinued or transferred, in such cases Memorex retains those employees who have demonstrated the highest degree of performance effectiveness in the jobs that remain. Where such effectiveness is equal, the employee with the greater Memorex service is retained.

Crews' predicament meets the definition of both a selective layoff and an organizational layoff. The closing of the Boston office eliminated "all jobs in a location", but not "all jobs in a department." Department positions were available in New York and Atlanta. Determination as to whether Crews' layoff was Selective or Organizational, however, is unnecessary. Under either theory, Memorex is entitled to summary judgment.

If the layoff were organizational, as Memorex contends, then Crews was subject to layoff, and his claim must fail. If, as is Crews' contention, the layoff were Selective, then the Guide requires only that Memorex retain employees in the department on the basis of performance and seniority. But, Memorex never had to consider issues of comparative performance and seniority with respect to Crews. Even after closing the Boston office, there were more jobs in the department than there were employees. Memorex offered Crews the same job, on the same terms, in three locations within the department.

The Guide's layoff provision does not give Crews the right to the job of his

choice. It merely gives him the right to be retained at Memorex, presumably in the same department, and at the same level, if possible. Arguably, the result might be different if only the New York office remained after the Boston closing. Then, given his seniority over Falzone, Crews would have been entitled, assuming equal performance ratings, to the remaining position in New York.

Crews has failed to raise a triable issue as to Memorex's alleged breach of contract. Even assuming the Guide creates binding obligations, Memorex complied fully with its terms, and is entitled to judgment as a matter of law.

### III

■ The ADEA "broadly prohibits arbitrary discrimination in the workplace based on age." *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978). It is axiomatic, however, that the Act does not mandate preferential treatment for members of the protected age group. *Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir.1981).

Crews claims that Memorex discriminated against him on the basis of age when it failed to remove a younger man from the New York field service office, and offer that job to Crews. He does not allege, however, that the decision to eliminate the Boston field service engineer position was based on improper considerations.[2] Crews' claim, therefore, is that he was entitled to displace a younger employee holding the same type job, even though other equivalent positions were available and were offered to him. This is a demand for preferential treatment, and is more than the law requires. Memorex is entitled to summary judgment on the age discrimination count.

### IV

■ Even if Crews states a claim under the ADEA, and could prove his case at

trial, he would not be entitled to any damages. An employer charged with discrimination in hiring under Title VII of the Civil Rights Act of 1964 can toll its back pay liability by offering the applicant substantially equivalent employment. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231–32, 102 S.Ct. 3057, 3065–66, 73 L.Ed.2d 721 (1982). The rationale of *Ford Motor* is equally applicable to suits brought under the ADEA. *See Giandonato v. Sybron Corp.*, 804 F.2d 120, 123–24 (10th Cir.1986), and cases cited.

Crews has failed to offer any facts demonstrating that the jobs Memorex offered to him were anything but substantially comparable to the New York field service engineer position he sought. Indeed, it is undisputed that the duties, salary, and benefits of the proffered positions were identical to the New York job. Memorex, therefore, is entitled to summary judgment on Crews' damage claims under the ADEA.

---

**2.** Consequently, this is not a typical reduction in force case. Crews complains only of Memorex's failure to give him the New York position. Furthermore, in light of Memorex's repeated good faith efforts to retain Crews, he has no basis on which to argue that he was either expressly or constructively fired. *See Holt v. Gamewell*

*Corp.*, 797 F.2d 36 (1st Cir.1986) (setting out elements of prima facie case reduction in force case); *Calhoun v. Acme Cleveland Corp.*, 798 F.2d 559, 561 (1st Cir.1986) (discussing evidentiary standard for claim of constructive discharge). Crews' departure from Memorex was voluntary.