**Rafael MARQUEZ VELEZ, Plaintiff,**

v.

**DAVID M. PUERTO RICO GRAPHIC SUPPLIES, INC., and Wheelabrator-Frye, Inc., Defendants.**

Civ. No. 84–3068.

United States District Court, D. Puerto Rico.

April 21, 1987.

See also 622 F.Supp. 568.

José E. Fernández-Seín, Nachman & Fernández-Seín, San Juan, P.R., for plaintiff.

Rossell Barrios Amy, McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is an action for damages caused by an alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. sec. 621. At the time plaintiff was terminated from his employment with David M. Puerto Rico Graphic Supplies, Inc., he was forty-seven years old and had the second highest seniority among the supervisors. The action is before us on a motion to dismiss for lack of personal jurisdiction, filed by nonresident defendant Wheelabrator-Frye, Inc., and a motion for summary judgment filed by David M.

The above-stated facts of protected age and seniority, as well as the additional fact that he performed his job well, form the basis for plaintiff's *prima facie* case of age discrimination. Additional uncontroverted facts gleaned from and relevant to defendant's motion for summary judgment include the following:

At the time Márquez-Vélez was discharged from the company on February 25, 1983, he was supervisor of the cutting and barring department. Although second highest in seniority among the supervisors,

he was not one of the oldest. In fact, five out of the other eleven supervisors were older than he was. At the time of his discharge, his position was eliminated. Among its economic reasons for the layoff and elimination of plaintiff's position, the company includes the following, which are uncontested:

(a) By February 1983, most cutting and barring was being done at a division in Florida, diminishing the importance of plaintiff's position;

(b) the company lost 10% of the 100% tax exemption granted to it by Puerto Rico;

(c) shipping costs increased between Puerto Rico and the mainland. Electricity and fuel costs in Puerto Rico were also raising at a higher rate than in the United States;

(d) other supervisors had technical skills and qualifications for their particular positions, which plaintiff lacked. Additionally, supervisory personnel had no seniority bumping rights.

In general, it is the company's position that its operation in Puerto Rico was being reduced, and a number of employees were being laid off for economic reasons.[1]

An employee suing his employer for age discrimination must show either disparate treatment or a discriminatory impact. To prove disparate treatment, he must show purposeful or intentional discrimination. *Holt v. Gamewell Corp.*, 797 F.2d 36, 37 (1st Cir.1986); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 117 (3rd Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983).

In cases involving reduction in force, in order to establish a *prima facie* case of age discriminatory treatment, a plaintiff must show that (1) he was in the protected age group; (2) he was performing his job at a level that met his employer's legitimate expectation; (3) he was fired; and (4) the employer did not treat age neutrally or that younger persons were retained in the same position. *Holt*, 797 F.2d at 37–38, *citing E.E.O.C. v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014–15 (4th Cir.1983). While Márquez-Vélez has

---

1. The company eventually closed its entire Puerto Rico operation and left the island.

shown the first three elements, he has not successfully shown that age was not treated neutrally.

In its motion, as we stated above, David M cited economic considerations for its reduction in force and specific reason why other supervisors, both younger and older, were chosen to be retained. Rather than offer proof from which discriminatory intent could be adduced, the thrust of plaintiff's opposition is an attempt to refute defendant's allegations of economic reasons, with proof that the company was in good financial condition.

As pointed out by the First Circuit Court of Appeals in its recent decisions in *Dea v. Look*, 810 F.2d 12, 15 (1st Cir.1987), and *Gray v. New England Telephone & Telegraph Co.*, 792 F.2d 251, 255 (1st Cir. 1986):

> [E]vidence contesting the factual underpinnings of the reason for the discharge proffered by the employer is insufficient, without more, to present a jury question. Plaintiff continues to carry the burden of showing discriminatory intent, and the relevant question is whether the given reason was a pretext for discrimination:
>
> > "It is not enough for the plaintiff to show that the employer made an unwise business decision, or an unwise personnel move. Nor is it enough to show that the employer acted arbitrarily or with ill will. These facts, even if demonstrated, do not necessarily show that *age* was a motivating factor." (Emphasis in original).

Márquez Vélez cannot meet his burden of proving "pretext" merely by refuting David M's articulated reason of economic considerations. We, therefore, find that plaintiff has failed to establish a *prima facie* case of age discrimination.[2] The motion for summary judgment is hereby GRANTED and the case is DISMISSED.

IT IS SO ORDERED.

2. We do not pass upon the motion to dismiss for lack of personal jurisdiction over the foreign corporate codefendant, the issue being academic in light of our finding.