Ramon A. PEREZ PEREZ, Ariel A. Perez Hernandez, Plaintiffs,

v.

KEY PHARMACEUTICALS, INC., Schering Del Caribe, Inc., Schering Plough Corp., Defendants.

Civ. No. 88–0437 (JAF).

United States District Court, D. Puerto Rico.

Dec. 20, 1989.

---

Luis F. Padilla, San Juan, P.R., for plaintiffs.

José González Borgos and Carlos Lugo Fiol, Fiddler Gonzalez & Rodriguez, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Defendants, Key Pharmaceuticals, Inc. ("Key"), Schering del Caribe, Inc. ("Schering del Caribe"), and Schering Plough Corporation ("Schering Plough") have filed a motion for summary judgment under Fed. R.Civ.P. 56(b). Plaintiffs, Ramón A. Pérez Pérez ("Ramon Pérez") and Ariel A. Pérez Pérez ("Ariel Pérez"), former employees of defendant Key, filed an action against all three companies alleging they were discharged because of their age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Defendants base their motion on two grounds: (1) defendants claim they are not one integrated employer as defined by the ADEA and therefore not joint and severally liable to plaintiffs, and (2) defendants claim plaintiffs have failed to make out a prima facie case of age discrimination. We agree with the latter and grant defendants' motion for summary judgment.

### I. *Background*

The three codefendants, Key, Schering and Schering del Caribe, are all tentacles of the corpus parent holding company, Schering Plough Corporation.[1] Schering, a wholly-owned subsidiary of Schering–Plough has several operating divisions, including Schering Laboratories and Schering International. Defendant Schering del Caribe, a wholly-owned subsidiary of Schering Corporation, is a division of Schering Corporation's Schering International Division. In 1986, Schering Plough acquired Key Pharmaceuticals, Inc. Key became a wholly-owned subsidiary of defendant Schering Corporation and part of Schering Corporation's Schering Laboratories Division.

Plaintiff Ramón Pérez was hired by defendant Key on June 1, 1981 as a Sales Representative for Key products in a designated geographic area of Puerto Rico. Plaintiff Ariel Pérez was hired by defendant Key on July 8, 1985 also as a Sales Representative for Puerto Rico. Prior to the 1986 acquisition, plaintiffs were considered part of Key's domestic market, specifically the South Florida District. After the 1986 acquisition, however, Schering Corporation decided to reconsider Key's position in the corporate family.

Originally, Key became part of Schering's Schering Laboratories Division. However, Schering later decided that Puerto Rico should be part of its "international market" and therefore, part of Schering's International Division. Schering International has a subsidiary responsible for sales and marketing in Puerto Rico, Schering del Caribe. Accordingly, Schering decided to integrate Key with Schering del Caribe, transferring all Key's business in Puerto Rico to Schering del Caribe. Schering del Caribe, however, already has an established sales force in Puerto Rico. Therefore, as a result of the merger, Schering eliminated all Key sales positions.

Plaintiffs were offered three options: (1) they could retain the identical sales position in any other U.S. division of Key Pharmaceuticals and obtain reimbursement expenses from Schering; (2) they could accept a position as Pharmacy Sales Representative with the integrated Schering del Caribe and receive reimbursement for the reduction in compensation experienced in the first year; or (3) they could resign and accept separation payments. Plaintiffs re-

---

1. Defendants have advised us that because the parent, Schering–Plough, had no employees in January of 1987 (the date of plaintiff's discharge) they are not the correct ADEA "employer" in this action. The appropriate defendant is instead, Schering Corporation, a wholly-owned subsidiary of Schering–Plough Corporation. We will refer to the third defendant, then, as "Schering".

jected the offers of continued employment, either with defendant Key in the United States or defendant Schering del Caribe in Puerto Rico. Instead, plaintiffs accepted the separation payments and left Key on February 15, 1987.

## II. *Discussion*

In order for defendants to prevail on their motion for summary judgement, they must demonstrate an absence of a genuine issue of material fact which would support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). To defeat this motion, plaintiffs cannot rest simply on the allegations or denials in the pleadings but must set forth specific facts showing there is indeed a genuine issue of fact for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Rule 56(c), moreover, mandates the entry of summary judgment against a party who fails to make a sufficient showing of an element of his case on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2551–52. The controversy in the present case is simple: plaintiffs charge they were dismissed because of age discrimination while defendants claim that plaintiffs were discharged as a result of corporate reorganization and a subsequent "reduction in force." Because plaintiffs have not demonstrated that their discharge may have been motivated by age, as required by the ADEA, we grant defendants' motion.[2]

In order for plaintiffs to sustain their age discrimination claims, they must prove by the preponderance of the evidence that their age was the "determining factor" for the discharge, that is, "but for" the defendants' motive to discriminate on the basis of age, the action never would have been taken. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st Cir.1979). The analysis consists of the following steps: (1) plaintiffs must establish a prima facie case of discrimination; (2) the employer must articulate a legitimate, non-discriminatory reason for the discharge; (3) plaintiffs must show that the reasons proffered by the employer are really a pretext for discrimination. *Loeb*, 600 F.2d at 1011; *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

### A. Plaintiffs' Prima Facie Case

Plaintiffs must submit proof on four elements in order to establish a prima facie case of age discrimination. First, plaintiffs must show that they were within the protected age group (40–65). Second, plaintiffs must demonstrate that they were performing their jobs at a level that met the employer's legitimate expectations. Third, plaintiffs must prove they were discharged. Fourth, plaintiffs must show that the employer did not treat age neutrally, *i.e.*, that younger persons were retained in the same position or that the employer sought someone else to perform the same work after plaintiffs left. *Loeb*, 600 F.2d at 1014; *Holt v. Gamewell Corp.*, 797 F.2d 36 (1st Cir.1986).

Plaintiffs were both fifty-one when they left Key. Key, furthermore, seemed very satisfied with plaintiffs' job performance up until termination. The record indicates that plaintiff Ramón Pérez was recognized as an "Outstanding Sales Representative" by his district in 1984. In addition, Key's Vice–President for Sales, in a memorandum dated October 31, 1986 referred to plaintiffs as "two of the best pharmaceutical sales representatives on the island." Despite a high level of satisfaction, however, plaintiffs were discharged from their duties as Sales Representatives for Key products.[3] Thus, the only facts in controversy surround the fourth element: whether the discharge was indeed "neutral."

In a "firing" case plaintiffs can raise an inference of age discrimination by

---

**2.** Because we find that plaintiffs have failed to demonstrate facts supporting a prima facie case, we do not address defendants' argument that they are not one integrated employer liable to plaintiffs under the ADEA.

**3.** Defendants argue that plaintiffs were never "discharged" because they sought to retain plaintiffs, albeit in different capacities and positions, with either Key or Schering del Caribe. We accept for the sake of argument, however, plaintiffs' contention that the offers were of such a different character or so unacceptable that they amounted to "constructive discharge".

showing that the employer sought a replacement with qualifications similar to his own, thus demonstrating a continued need for the same services and skills. *Loeb,* 600 F.2d at 1013. Plaintiffs challenge the neutrality of the discharge by showing that defendant Schering del Caribe retained sales representatives in Puerto Rico who were much younger than plaintiffs (31 and 29). Plaintiffs, however, take great pains in pointing out how the positions retained by those representatives were "substantially inferior" and required less skill than plaintiffs' position with Key. Indeed, plaintiffs represent that Schering del Caribe's offer to retain them at this level was "unacceptable and designed to induce termination." Plaintiffs, therefore, cannot now claim that the retention of those employees indicates lack of neutrality on the part of defendants; they themselves admit the positions were not comparable.

Plaintiffs, consequently, have failed to make out a prima facie case of age discrimination, and have not shown any controverted issues of fact precluding us from granting defendants' motion for summary judgement. Assuming, arguendo, plaintiffs had made out their prima facie case, the claim does not survive the other two steps in the analysis.

### B. Employer's Legitimate Reasons for Discharge

■ After establishing a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the discharge. *Loeb,* 600 F.2d at 1011. Defendants have satisfactorily discharged that burden: the record contains affidavits and reports indicating that the elimination of plaintiffs' positions constituted a "reduction in force" which resulted from the merger of Key's business with that of Schering del Caribe.

### C. Plaintiffs' Showing of Pretext

■ The inference of discrimination is dispelled, moreover, once an employer states a legitimate reason for the discharge unless and until the plaintiffs show the reasons to be mere pretext for discriminatory motives. *Id.* Plaintiffs attempt to prove pretext in two ways. First, plaintiffs challenge the business reasons that motivated the Key–Schering del Caribe merger. Second, plaintiffs seek to introduce the testimony of a former Schering del Caribe employee suggesting Schering engages in a "pattern or practice of age discrimination." These arguments fail, however, to inject any genuine issue of material fact regarding the pretext element.

Plaintiffs argue that Schering was incorrect in its assessment of Key's financial success on the island. Specifically, plaintiffs challenge Schering's judgment in deciding that sales and revenues would increase by combining the Schering del Caribe and Key operations in Puerto Rico. Plaintiffs' criticisms, however, do not suggest that age was the real or dominant motive for the discharge.[4] Plaintiffs cannot meet their burden of proving pretext just by refuting or questioning defendants' articulated reason. *Menard v. First Sec. Services Corp.,* 848 F.2d 281, 287 (1st Cir. 1988). That the employer made an "unwise business decision" or an "unnecessary personnel move" does not address the relevant question of whether the employer had discriminatory motives. *Gray v. New England Tel. and Tel. Co.,* 792 F.2d 251, 255 (1st Cir.1986).

■ Plaintiffs' second argument, that Schering and Schering del Caribe engaged in a history of discrimination, if true, would cast doubt on the legitimacy of the reasons given by defendants. We reject the argument, however, because it is based solely on empty allegations by plaintiffs and not on tangible evidence.[5] Mere assertions made by counsel in a legal memorandum are insufficient to establish the existence of a genuine issue of material fact. *Transurface Carriers, Inc. v. Ford Motor Co.,* 738 F.2d 42, 47 (1st Cir.1984); *Sims v. Mack*

---

**4.** It is not enough for plaintiffs to show that age was *a* factor; plaintiffs must prove age was the *determinative* factor. *Loeb,* 600 F.2d at 1019. However, when Ariel Pérez was deposed he stated that he did not believe that age was the motivating factor for his discharge. Attachment

IV, Defendants' Brief in Support of Motion to Dismiss.

**5.** The text of Fed.R.Civ.P. 56(e) states that "when a motion for summary judgement is made and supported as provided in this rule, an

*Truck Corp.*, 488 F.Supp. 592, 597 (E.D.Pa. 1980) ("self-serving statements of fact in a party's brief, not in proper form, may not be considered in determining if a genuine issue of material fact exists"). Here, plaintiffs in their brief merely have suggested the content of a witness' proposed testimony at trial. They have not included any affidavits or depositions of that witness. Moreover, the attached complaint of that witness' ADEA claim against Schering del Caribe does not constitute evidence as contemplated by Rule 56(e). Although we must indulge in every favorable inference for the non-moving party in considering a summary judgment motion, the court is not obliged to find a genuine issue of fact when the only submitted evidence is a "series of conclusory statements unsupported by specific factual allegations." *Velázquez v. Chardón*, 736 F.2d 831, 833 (1st Cir. 1984); *Cartagena v. Sec. of the Navy*, 618 F.2d 130, 135 (1st Cir.1980). We find, therefore, plaintiffs' offer of proof inadequate to support its "pretext" argument.

### III. *Conclusion*

Thus, plaintiffs' attempt to oppose defendants' motion for summary judgment fails on two counts. First, plaintiffs did not establish a prima facie case of age discrimination because it did not suggest a genuine issue of fact as to the neutrality of their discharge. Secondly, plaintiffs did not fulfill their burden of proof in demonstrating that the legitimate reasons given by the employer for the discharge were really a pretext for age discrimination. Consequently, we must grant defendants' motion.

Judgment will be entered on behalf of defendants Schering, Schering del Caribe, and Key.

IT IS SO ORDERED.

adverse party may not rest upon the mere allegations or denials of his pleading, but his response, *by affidavits or otherwise provided in this rule,* must set forth specific facts showing there is a genuine issue for trial." (Emphasis added). If the party does not respond with evidence, furthermore, we are authorized to, *sua sponte,* enter summary judgement against him. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).