**Jorge VEGA and Eusebio Leon, Plaintiffs,**

*v.*

**KODAK CARIBBEAN, LTD., Defendant.**

**Civ. No. 90–2328(PG).**

United States District Court,
D. Puerto Rico.

Dec. 11, 1992.

Carlos F. López, Santurce, PR, for plaintiffs.

Arturo Bauermeister, San Juan, PR, for defendant.

## OPINION AND ORDER

PÉREZ–GIMÉNEZ, District Judge.

This is an age discrimination case involving work force reduction in Kodak Caribbean, Limited or Kodak Caribbean, Ltd. (hereinafter "Kodak"). Jorge Vega and Eusebio León filed suit against Kodak alleging that the company constructively discharged them, thus violating federal and state age discrimination laws, namely, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and Local Laws 100 and 80, 29 L.P.R.A. §§ 146–151, and 185a–185*l*, respectively. Pending before the Court are Kodak's Motion for Summary Judgment and plaintiffs' opposition thereto.

## I. *Background*

On September 15, 1989, Kodak announced to all its employees its Special Program for Limited Separation, or Voluntary Separation Program, in a memo which described, among other things, the benefits offered. Said program was implemented in order to enable the company to reduce costs, maintain profitability and reorganize its operations nationwide.

On October 4, 1989, plaintiff Eusebio León signed a document titled "Election for Limited Separation Enhancement," thereby joining the voluntary program. León was 56 years old at the time and had been working for Kodak for approximately 18 years. However, since he would turn 57 in December of that year, management allowed him to remain working at the company until then in order to receive additional benefits available to employees with more seniority.

On October 10, 1989, plaintiff Jorge Vega decided to take advantage of the plan and signed the "Election for Limited Separation Enhancement." At the time, Vega was 53 years old and had been working for Kodak for 20 years.

On October 9, 1990 and December 14, 1990, plaintiffs Vega and León filed their respective complaints against Kodak. Plaintiffs allege that defendant forced them to join the Voluntary Separation Program, thus constructively discharging them because of their age. They also allege that they were replaced by younger persons. Both cases were consolidated on August 28, 1991.

## II. *Summary Judgment*

In civil procedure, summary judgment shall be granted "if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party presents its motion, the burden of proof shifts to the nonmovant, who "must then document some factual disagreement sufficient to deflect *brevis* disposition." *See Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir.1991). However, a motion for summary judgment can only be deterred by specific, clear-cut evidence which points to discrepancies relating to genuine issues of material fact. *See Mesnick*, 950 F.2d at 822.

### III. *The ADEA Claim*

The plaintiff in an ADEA claim must establish a *prima facie* case of age discrimination. In order to do so, a plaintiff must show: (1) that he/she is in the protected age group (forty years or older); (2) that he/she was performing his/her job at a level that met his/her employer's legitimate expectations; (3) that he/she was fired; and (4) that the employer did not treat age neutrally or that younger persons were retained in the same position. *See Mesnick*, 950 F.2d at 823; *Holt v. Gamewell Corp.*, 797 F.2d 36, 37–38 (1st Cir. 1986); and *E.E.O.C. v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir. 1983). Once this inference of discrimination is established, the burden shifts to the defendant (employer), who must "articulate a legitimate, nondiscriminatory reason for the adverse employment decision." *See Mesnick*, 950 F.2d at 823. At that point, the burden shifts back to the plaintiff, who must demonstrate that the employer's reason was nothing more than a pretext for age discrimination. *See id.*

### IV. *Discussion*

In the case at bar, plaintiffs meet the first two requisites for establishing a *prima facie* case of age discrimination, specifically, that they were over forty years of age, thus being in the protected age group; and that they were performing their job at a level that met Kodak's legitimate expec-

tations. However, they fail to comply with requisites (3) and (4), namely, that they were dismissed actively or constructively and that they were replaced by younger persons.

### *Dismissal of Plaintiffs*

Plaintiffs allege that once the Voluntary Separation Program was announced, top Kodak management began to pressure senior employees by making statements to the effect that no job was secure in the event that an involuntary plan had to be implemented. They argue that they were constructively discharged since they were forced to choose voluntary separation for fear of losing both, their jobs and the benefits accompanying the program. See Plaintiffs Exhibits 4 (Sworn Statement by Jorge Vega) and 5 (Sworn Statement by Eusebio León).

However, the Internal Memorandum announcing the program clearly states that it was completely voluntary. It also states that only in the event that not enough employees joined the voluntary program would the involuntary plan be put into effect. Employees had more than forty days to gather and request further information before they had to make a final decision. Moreover, employees were free to revoke their voluntary election of the plan. See Plaintiffs' Exhibit 7 (Jorge Vega's Signed Election for Limited Separation Enhancement); and Defendant's Exhibit A (Internal Memorandum), Exhibit C (Eusebio León's Signed Election for Limited Separation), Exhibit D (Jorge Vega's Signed Election for Limited Separation Enhancement), Exhibit G (Revocation of Election for Limited Separation Enhancement Form) and N (Sworn Statement by Aida L. Montañez).

Furthermore, the involuntary separation program was never implemented since there were twenty four (24) employees who signed for the voluntary plan. Seventeen of those twenty four (24) employees were over forty years of age and seven (7) were between 28 and 39 years old. See Plaintiffs' Exhibit 8 (List of Kodak's Employees Separated as a Result of the 1989 Plan) and

Defendant's Exhibit N (Sworn Statement by Aida L. Montañez). In addition, four other employees, all under forty years of age, requested a transfer to Kodak's regional offices in Miami. See Defendant's Exhibit N (Sworn Statement by Aida L. Montañez). It is therefore difficult to believe that Kodak purposely and knowingly implemented the Voluntary Separation Program in order for them to get rid of more senior employees, rather than for an authentic and valid business reason, namely the nationwide reorganization of the Company's operations.

In sum, the Court finds that plaintiffs election to sign the agreement was autonomous and unforced. Plaintiffs were not asked directly or indirectly to leave the company or to join the Voluntary Separation Program. Furthermore, plaintiffs have failed to come up with clear-cut evidence that contravenes the fact that they willingly and voluntarily chose the program.

*Replacement of Plaintiffs by Younger Individuals*

■ Plaintiffs allege that they were replaced by younger employees. Mr. Vega argues that his position was never eliminated, but rather, suffered a change of name. It was given to Fernando Otero, who had been working at Kodak for roughly three years. On the other hand, Mr. León states that he was replaced by Miguel González and Moisés de Jesús, both substantially younger than him, who had been working at Kodak for five and fourteen years, respectively. See Plaintiffs' Exhibits 4 (Sworn Statement by Jorge Vega) and 5 (Sworn Statement by Eusebio León).

As a result of the company's reorganization, defendant eliminated several positions and merged others. Fernando Otero, who has a bachelors degree and was 42 years old at the time, was given the duties and responsibilities formerly held by Mr. Vega, in addition to several other functions held by several employees. Mr. Otero's newly created position is totally different from the one held by Mr. Vega. Unlike Mr. Vega, he reports directly to the Kodak General Manager, is a member of the Ko-dak Management Council, participates in the decision-making process, and supervises several other positions. Moreover, Mr. Otero has a bachelor degree. See Defendant's Exhibit H (Charles Griffin's Deposition), Exhibit N (Sworn Statement by Aida L. Montañez), and Exhibit O (Sworn Statement by José Carrión). Similarly, Mr. León's duties and responsibilities were split between Miguel González, who was 24 at the time, and Moisés de Jesús, then 34 years old. Those employees continued to perform their previous tasks in addition to the ones assigned to them by virtue of Mr. León's vacant position. See Defendant's Exhibit J (Eusebio León's Deposition), and Exhibit N (Sworn Statement by Aida L. Montañez).

In sum, the Court finds that plaintiffs were not replaced by younger persons. Rather, Kodak's reorganization required that certain business decisions be taken, and these had nothing to do with an underlying reason for discrimination on the basis of age.

**V. Conclusion**

Having examined all the evidence and drawn all reasonable inferences in plaintiffs favor, the Court finds that plaintiffs' ADEA claim cannot be sustained with the evidence presented since they fail to establish a *prima facie* case. As a result, the inference of age discrimination never arises.

WHEREFORE, summary judgment is hereby GRANTED in defendant's favor as to plaintiffs' ADEA claim. Summary judgment is also granted in defendant's favor as to plaintiffs' pendent claims for age discrimination under Local Laws 100 and 80.

IT IS SO ORDERED.