**Magnuson v. Lockheed Sanders**       **CV-94-549-B**    **12/22/95**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>John Magnuson</u>

   v.                                Civil Action No.94-549-B

<u>Lockheed Sanders, Inc.</u>


**O R D E R**

_____John Magnuson brought this Age Discrimination Employment Act ("ADEA") claim against Lockheed Sanders, Inc. after he was laid off.  Lockheed argues that it is entitled to summary judgment even if Magnuson has established a prima facie case of age discrimination because it has carried its burden of producing evidence of a nondiscriminatory reason for the layoff and Magnuson has failed to produce enough evidence to permit a rational factfinder to conclude that he was laid off because of his age.  For the reasons stated below, I agree, and grant Lockheed's motion.


**I.   BACKGROUND**

Lockheed first employed Magnuson from 1967 to 1971.  He was rehired as a program control administrator in 1983.  Throughout his employment, Magnuson's work was always at least satisfactory.

In the mid-1980s, Lockheed instituted a system for evaluating its employees called "peer ranking." Under this system, an employee's immediate supervisor scores her performance in areas such as "Job Knowledge" and "Overall Business Effectiveness." Employees are also given points for seniority. The employee's immediate supervisor then presents the scores at a meeting with other supervisors. Out of a possible 100 points, Magnuson received a score of 67 in 1992 and a score of 54 in 1993. Magnuson received no salary increases in either 1991 or 1992 because, his supervisors claimed, he was "making too much money."

Lockheed laid off Magnuson and twelve other employees in September 1993. Magnuson was 48 years old at the time, and filed a charge of age discrimination with the New Hampshire Commission for Human Rights on February 7, 1994. Magnuson filed this action after the ADEA's 60-day waiting period elapsed.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the record, taken in the light most favorable to the non-moving party, shows that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

2

Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1049 (1st Cir. 1993). A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Affidavits supporting or opposing a motion for summary judgment "[must] be made on personal knowledge, [must] set forth such facts as would be admissible in evidence, and [must] show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The party opposing consideration of an affidavit must specify the objectionable portions and the grounds for objection. Casas Office Machs. v. Mita Copystar America, 42 F.3d 668, 682 (1st Cir. 1994). I may disregard only inadmissible portions of an affidavit.[1]

---

[1] Magnuson moved to exclude portions of Sal Magnano's affidavit, portions of John Starbuck's affidavit, and all of Diane Ouellette's affidavit. Although I denied these motions, I have not considered the information to which Magnuson objects because it is irrelevant to my analysis of Lockheed's summary judgment motion.

3

## III. DISCUSSION

Magnuson bases his ADEA claim on a disparate treatment theory. Accordingly, St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742 (1993), and its First Circuit progeny govern the allocation of the burdens of persuasion and production. See LeBlanc v. Great American Ins. Co, 6 F.3d 836, 842-43 (1st Cir. 1993), cert. denied, 114 S.Ct. 1398 (1994). Magnuson must first establish a prima facie case of discrimination by proving by a preponderance of the evidence that (1) he was a member of a protected class, (2) he performed his job adequately, (3) he was nevertheless dismissed, and (4) Lockheed either replaced him with a younger person or otherwise did not treat age neutrally. See Hicks 113 S.Ct. at 2746-47; Woodman v. Haemonetics Corp., 51 F.3d 1087 (1st Cir. 1995). While the burden of persuasion remains with Magnuson throughout the case, a presumption of discrimination arises from proof of his prima facie case. Hicks, 113 S.Ct. at 2747. In order to rebut this presumption, Lockheed must produce evidence which, "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." Id. at 2748. If Lockheed meets its burden of production, the presumption of discrimination "`drops out of the picture.'" Woodman, 51 F.3d at 1091 (quoting Hicks, 113 S. Ct. at 2749).

4

Though <u>Hicks</u> recognizes that an employee always remains responsible for proving that her employer dismissed her because of her age, it also provides in dicta that:

> The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons, [sic] will <u>permit</u> the trier of fact to infer the ultimate fact of intentional discrimination.

113 S.Ct. at 2749 (emphasis in original). At least one circuit interprets this dicta to entitle a plaintiff to submit her claim to the jury whenever she has proved her prima facie case and demonstrated that the employer's reason for its action was false. <u>Anderson v. Baxter Healthcare Corp.</u>, 13 F.3d 1120, 1123 (7th Cir. 1994). The First Circuit, however, has determined that proof of a prima facie case and evidence of pretext will suffice only if the factfinder could reasonably conclude from all of the evidence presented that age was the real reason for the employer's action. <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 39 (1st Cir. 1995); <u>Udo v. Tomes</u>, 54 F.3d 9, 13 (1st Cir. 1995); <u>Smith v. Stratus Computer</u>, 40 F.3d 11, 16 (1st Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1958; <u>Woods v. Friction Materials</u>, 30 F.3d 255, 260-61 n.3 (1st Cir. 1994). In other words, proof of a prima facie case plus pretext will be enough to survive summary judgment in some

5

but not all cases. See, e.g., Woods, 30 F.3d at 260-61 n.3. I apply the First Circuit standard in evaluating Magnuson's claim.

Lockheed does not challenge Magnuson's prima facie case. Accordingly, to decide whether to grant Lockheed's summary judgment motion, I must resolve two issues. First, I must determine whether Lockheed has met its burden of producing evidence which, "taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the lay off. Hicks, 113 S. Ct. at 2748. If Lockheed has met its burden, I must determine whether, interpreting the record in the light most favorable to Magnuson, a rational factfinder could disbelieve Lockheed's explanation and infer that Lockheed intended to discriminate.

## A.    Lockheed's Explanation For the Layoff

Lockheed relies primarily on an affidavit submitted by its vice president of finance, Sal Magnano, to support its explanation for the layoff. Magnano claims that he decided in August 1993 that Lockheed needed to lay off 10-20 finance employees in response to declining defense spending, competitive pressures, and reports from subordinates that the company did not have enough work to keep its finance employees fully engaged. Magnano claims that he began the process of deciding whom to lay

6

off by preparing a list of finance employees with a peer ranking of 59 or lower. This list contained 25 names, including Magnuson's.

Magnano claims that the list was reduced from 28 to 13 using two factors. First, several employees were removed from the list to ensure that it did not contain a disproportionate number of employees over age 40. Second, other employees were removed because they had special skills the company required. Magnuson and the 12 other employees who remained on the list after these adjustments were laid off.

Accepting Lockheed's explanation as true, it is sufficient to permit a rational factfinder to conclude that the company had a nondiscriminatory reason for dismissing Magnuson. Cf. Woodman, 51 F.3d at 1089-90, 9092 (defendant met burden of production by producing some evidence of employees' poor performance notwithstanding evidence of laudatory reviews); LeBlanc, 6 F.3d at 844-45 (burden of production met where employer laid off 59 year-old employee due to downturn in regional economy and greater versatility of other employees). Therefore, Lockheed has carried its "`relatively light'" burden of production. Barbour, 63 F.3d at 39 (quoting Fuentes v. Perskie, 32 F.3d, 759, 763 (3d Cir. 1994).

7

## B. Magnuson's Evidence of Intentional Discrimination

Having satisfied its burden of production, Lockheed will be entitled to summary judgment unless Magnuson can produce enough evidence to convince a rational factfinder that Lockheed's explanation is a mere pretext for age discrimination. Magnuson attempts to meet this burden by (1) challenging Lockheed's claimed motivation for the layoff, (2) questioning the method Lockheed used to identify the employees who would be laid off, (3) demonstrating that four of the six employees laid off from Magnuson's division were over age 40, and (4) offering evidence that his supervisors denied him raises in 1991 and 1992 because he was "making too much money." I address each of these arguments in turn.

Magnuson begins by taking issue with Lockheed's claim that the layoff was motivated by business reasons. The only evidence he offers to support this challenge, however, fails to raise a significant question concerning Lockheed's motivations. Even if it were true that Magnuson was always busy and that the company continued to operate its training program for new financial managers even after the layoff, these facts are not in conflict with Lockheed's claim that the layoff was motivated by declining defense business and other competitive practices. Therefore, a

8

rational factfinder could not conclude that Lockheed's claimed motivation for the layoff was false.

Magnuson's challenge to the methodology Lockheed used in selecting employees for the layoff fares no better. Even if the peer ranking system is an inaccurate measure of job performance, as Magnuson claims, that does not establish that the peer ranking system is a pretext for age discrimination. Moreover, Magnuson cannot refute Lockheed's contention that the layoff list was reduced from 28 to 13 for nondiscriminatory reasons merely by pointing to the fact that the person who oversaw the layoff can no longer recall the specific reason why each employee was removed from the layoff list.

Magnuson next argues that the jury is entitled to infer that Lockheed's explanation for the layoff is pretextual because, of the six employees laid off from Magnuson's division, four were over age 40. Statistical evidence of the sort Magnuson relies on "rarely suffices to rebut an employer's legitimate, nondiscriminatory rationale for its [employment] decision." LeBlanc, 6 F.3d at 848. This is especially true here since the sample size is small and the data Magnuson relies on is a subset of a larger layoff in which a significant percentage of the people laid off were under age 40. More importantly, Magnuson has not produced

9

any evidence concerning the ages of the pool of employees from which the layoff list was developed. Without such evidence, a rational factfinder could not conclude that a disproportionate number of older employees were selected for the layoff simply because most of the employees who were laid off were over 40.

Magnuson's final argument is that his supervisors' statements in 1991 and 1992 explaining why he would not receive a pay raise demonstrate that he was laid off because of his age. Specifically, he argues that the statements are a proxy for age discrimination and, therefore, the decision to lay him off in 1993 must have been made because of his age. Magnuson reasons that if he was a mediocre employee as Lockheed contends, he could only increase his salary through seniority, which correlates directly with age. Therefore, Magnuson concludes, Lockheed was really telling him that he would not receive a pay raise because he was too old.

There is no evidence, however, that Magnuson attained his high salary only through seniority, and the only evidence of a correlation between salary and age is Magnano's off-hand comment that "generally people who are older make more money." Magnuson does not dispute that in 1992, he earned one of the higher salaries among finance employees but received one of the lower

10

peer rankings, making it much more plausible that his supervisors were simply telling him that his salary was too high for the relatively low quality of his work.[2]  Moreover, even if these comments evidenced some discriminatory animus when they were made, Magnuson provides little evidence to connect them to his layoff in 1993.  Such "isolated and ambiguous comments" cannot support an inference of age-discrimination.  See Phelps v. Yale Security, Inc., 986 F.2d 1020, 1025-26 (6th Cir. 1993), cert. denied, 114 S. Ct. 175 (1993) (comments made one year prior to layoff too remote to support inference of age discrimination); National Amusements v. Town of Dedham, 43 F.3d 731, 744 n.12 (1st Cir. 1995).

---

[2]  The cases plaintiff cites in support of his claim that discrimination on the basis of high salary is tantamount to age discrimination are at best inapposite and at worst contrary to his position. Unlike the present case, in Holt v. Gamewell Corp., 797 F.2d 36 (1st Cir. 1986), defendant did not dispute that it laid off plaintiff in part because of his high salary.  Although the court accepted the correlation between salary and seniority, it held that plaintiff failed to show a correlation between seniority and age, and therefore plaintiff failed to prove a prima facie case of discriminatory impact. Id. at 38.  Similarly, in Williams v. General Motors Corp., 656 F.2d 120 (5th Cir. 1981), cert. denied, 455 U.S. 943 (1982), the court specifically rejected plaintiff's assumed correlation between age and seniority.  See id. at 130, 130 n.17 (reversing district court's denial of directed verdict for employer).  In Bay v. Times Mirror Magazines, Inc., 936 F.2d 112 (2nd Cir. 1991), the court explicitly recognized an employer's right to lay off employees on the basis of salary.  Id. at 117.

11

In sum, Magnuson has offered little more than "Optimistic conjecture, unbridled speculation [and] hopeful surmise" to support his claim of age discrimination. <u>Vega v. Kodak Caribbean</u>, 3 F.3d 476, 479 (1st Cir. 1993). Accordingly, he has not produced enough evidence to permit a rational factfinder to conclude that Lockheed's explanation for the layoff was a mere pretext for age discrimination.

## IV. CONCLUSION

For the foregoing reasons Lockheed motion for summary judgment (document no. 10) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

December 22, 1995

cc: Robert Rabuck, Esq.
    Edward Kaplan, Esq.

12